UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PESSADA HOLDINGS, LLC and <br> NOBLE CONSUMER PROTECTION, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ZACHARY LAWSON and <br> EXECUTIVE DEVELOPMENT <br> SERVICES, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 4:24-cv-00347-SRC |

**Memorandum and Order**

Plaintiffs Pessada Holdings, LLC and Noble Consumer Protection, LLC removed this case from state court. Doc. 1 at 1.[1] As explained below, the Court holds that Plaintiffs improperly removed this case to federal court and therefore remands it to state court.

**I.   Background**

Zachary Lawson, the owner of Executive Development Services, is a "software and website developer." Doc. 22-1 at ¶¶ 1–2, 9, 11. Since 2017, he "has intermittently performed his consulting and developing services through EDS." *Id.* at ¶ 11. In December 2022, Lawson executed an employment agreement with Pessada Holdings, making him Pessada Holding's "Director of Information Technology." *Id.* at ¶ 13; *id.* at 8. His employment agreement "entitled [him] to draws, salaries[,] and commissions." *Id.* at ¶ 13.

"In 2023, Lawson, individually and/or through EDS, exclusively developed and created the website codes" for seven websites. *Id.* at ¶ 14. In mid-2023, Pessada Holdings "directed Lawson to begin performing work exclusively for" Noble Consumer Protection, but NCP did not

---

[1] The Court cites to page numbers as assigned by CM/ECF.

employ Lawson. *Id.* at ¶¶ 4, 15.  Lawson, EDS, Pessada Holdings, and NCP have never executed an agreement regarding the ownership or assignment of any intellectual property, including the website codes. *Id.* at ¶ 18.

In December 2023, Plaintiffs filed this lawsuit in state court, "bringing claims for conversion, breach of duty of loyalty, violations of the Missouri Uniform Trade Secrets Act[,] and injunctive relief." Doc. 1 at ¶ 1.  Defendants filed answers to Plaintiffs' complaint, docs. 11, 12, and three counterclaims, doc. 22-1.  Plaintiffs then removed this case, claiming that Defendants' counterclaim that seeks a declaratory judgment regarding the ownership of the website codes provides this Court with jurisdiction.  Docs. 1, 22.

## II.     Standard

Plaintiffs premise their removal of this case on two removal statutes:  28 U.S.C. § 1441 and 28 U.S.C. § 1454.  Docs. 1, 22.  Section 1441, the general removal statute, authorizes a defendant to remove a state-court civil action over which the federal court could exercise original jurisdiction, including, as relevant here, federal-question jurisdiction.  28 U.S.C. § 1441(a); 28 U.S.C. § 1331.  Under the well-pleaded-complaint rule, federal-question jurisdiction must appear on the face of the plaintiff's properly pleaded complaint.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).  Therefore, neither a counterclaim under federal law nor a state-law counterclaim that federal law preempts suffices to establish original jurisdiction for purposes of removal under section 1441.  *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 60–62 (2009).

In section 1454, however, Congress expanded the scope of claims that may be removed to federal court.  Section 1454 in relevant part provides:

2

> (a) In General.—
>
> A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.
>
> (b) Special Rules.—The removal of an action under this section shall be made in accordance with section 1446, except that if the removal is based solely on this section—
>
>> **(1)** the action may be removed by any party; and
>>
>> **(2)** the time limitations contained in section 1446(b) may be extended at any time for cause shown.

28 U.S.C. § 1454(a)–(b).  Thus, section 1454, unlike section 1331, plainly authorizes a party to remove a case based on a counterclaim, albeit only a counterclaim raising a narrow set of specified claims:  section 1454 allows a party to remove a civil action to federal court so long as "any party" raises "a claim for relief arising under any Act of Congress relating to . . . copyrights." *Id.* at § 1454(a).  Although section 1454 expands the scope of removal, it does not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction. *See, e.g.*, *Andrews v. Daughtry*, 994 F. Supp. 2d 728, 732 (M.D. N.C. 2014).

### III.   Discussion

#### A.   Section 1441

Plaintiffs originally removed this case under section 1441, doc. 1 at 1, but removal on this basis fails because a counterclaim cannot serve as the basis of removal under section 1441, *see, e.g.*, *Vaden*, 556 U.S. at 60–62.  Accordingly, the Court holds that Plaintiffs improperly removed this case under section 1441.

3

## B. Section 1454

Seeming to recognize that they misplaced their reliance on section 1441, Plaintiffs now claim that they properly removed this case under section 1454. Doc. 22. Under section 1454(a), a party may remove a case to federal court if "any party" has asserted a claim "arising under any Act of Congress relating to . . . copyrights." Whether Plaintiffs properly removed this case under section 1454(a) depends on whether Defendants' counterclaim arises under an Act of Congress relating to copyrights. The Court therefore begins by determining what constitutes a claim "arising under any Act of Congress relating to . . . copyrights." 28 U.S.C. § 1454(a). The Court then considers whether Defendants' counterclaim qualifies for removal under section 1454.

### i. What constitutes a claim "arising under any Act of Congress relating to . . . copyrights"

The Supreme Court and the Eighth Circuit have yet to address what constitutes a claim "arising under any Act of Congress relating to . . . copyrights" for purposes of section 1454(a). The Court therefore applies the canons of statutory interpretation to determine what claims section 1454(a) authorizes parties to remove.

"As with any question of statutory interpretation, [the Court] begin[s] with the statute's plain language." *Hodde v. Am. Bankers Ins. Co. of Fla.*, 815 F.3d 1142, 1144 (8th Cir. 2016) (citing *Owner-Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.*, 651 F.3d 857, 862 (8th Cir. 2011)). Under the "most fundamental semantic rule of interpretation," "[w]ords are to be understood in their ordinary, everyday meanings—unless the context indicates that they bear a technical sense." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 6 (2012). Section 1454(a)'s operative language naturally breaks down into two components: (1) "arising under" and (2) "any Act of Congress relating to . . . copyrights." The Court considers each below.

4

First, the Court considers what "arising under" means within the context of section 1454(a). This phrase appears in several federal statutes, including subject-matter-jurisdiction statutes. *See, e.g.*, 28 U.S.C. § 1331 (providing district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Most relevant here is 28 U.S.C. § 1338—a subject-matter-jurisdiction statute that Congress amended the same day it enacted section 1454. 28 U.S.C. § 1338(a) (2011); *id.* at § 1454(a). Section 1338(a) reads in relevant part:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.

28 U.S.C. § 1338(a) (2011). Following Congress's amendment of section 1338, the Supreme Court has held that a cause of action arises under federal law for purposes of section 1338(a) if (1) "federal law creates the cause of action asserted" or (2) the state-law claim necessarily raises a federal issue that is actually disputed, substantial, and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013) (first citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); and then citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). The court reached this conclusion because section 1338 is linguistically consistent with section 1331. *Id.* at 257 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988)). Thus, within the realm of subject-matter-jurisdiction statutes, the phrase "arising under" has a technical meaning. Scalia & Garner, *supra*, at § 6.

Although section 1454 is a removal statute rather than a subject-matter-jurisdiction statute, the Court finds that it should interpret "arising under" as used in section 1454 consistently with section 1338. Congress enacted section 1454 on the same day that it amended

5

section 1338.  In doing so, Congress plainly echoed section 1338(a)'s operative language—"arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks"— in all but one respect:  section 1338(a) addresses Acts of Congress relating to trademarks, whereas section 1454(a) does not.  Although this difference limits the application of section 1454 to a narrower class of Acts of Congress than section 1338, this difference is inconsequential to the interpretation of "arising under."  Finding nothing within section 1454 that indicates that "arising under" has a different meaning in section 1454 than it does in section 1338, the Court must interpret section 1454(a) consistently with section 1338(a).  *See* Scalia & Garner, *supra*, § 39 ("Statutes *in pari materia* are to be interpreted together, as though they were one law.").

Accordingly, the Court applies the technical meaning of "arising under" rather than the dictionary definitions of "arising" and "under."  *Id.* at § 6.  For purposes of section 1454, "arising under" therefore means (1) federal law creates the cause of action asserted or (2) the state-law claim necessarily raises a federal issue that is actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  *See Gunn*, 568 U.S. at 257–58.

Second, the Court considers what "any Act of Congress relating to . . . copyrights" means.  28 U.S.C. § 1454(a).  Plaintiffs implicitly argue that section 1454(a)'s plain text—"any Act of Congress relating to . . . copyrights"—encompasses the Copyright Act.  *See* doc. 22 (arguing that the Court has jurisdiction over this case because Defendants' counterclaim for declaratory judgment arises under the Copyright Act).  The Court agrees.  Thus, for the reasons explained above, the Court holds that section 1454(a) allows Plaintiffs to remove this civil action to federal court if a party raises a cause of action that (1) the Copyright Act creates or (2) is a state-law claim that necessarily raises an issue regarding the Copyright Act that is actually

disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. But that doesn't end the inquiry.

### ii. Whether Defendants' counterclaim arises under the Copyright Act

Defendants assert a counterclaim under Missouri Revised Statute 527.020 for a declaratory judgment regarding the ownership of, use of, and the parties' interests in, several website codes. Doc. 22-1 at ¶¶ 19–27. Based on this counterclaim, Plaintiffs assert that removal under section 1454(a) is proper because Defendants' counterclaim arises under the Copyright Act. Doc. 22.

When, as here, a party seeks a declaratory judgment under state law, "the 'law that creates the cause of action' is state law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983). Therefore, for Plaintiffs to properly remove this case under section 1454, Defendants' counterclaim under section 527.020 must necessarily raise an issue regarding the Copyright Act that is actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *See id.*; *Gunn*, 568 U.S. at 257–58. Defendants' counterclaim, however, does not do so.

In their counterclaim, Defendants quote section 527.020:

> Section 527.020, RSMo states, in relevant part, that a "person interested under a . . . written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the instrument."

Doc. 22-1 at ¶ 20 (alterations in original) (quoting Mo. Rev. Stat. § 527.020). Therefore, under Defendants' alleged legal theory, their counterclaim raises questions of construction or the validity of a contract. *See id.* State law, not the Copyright Act, undoubtedly governs such questions.

7

Moreover, Defendants do not premise their claim on the Copyright Act. In fact, they make only one rather oblique reference to the Copyright Act: "Counterclaimants have never executed any written assignment or permission to use the [w]ebsite [c]odes in favor of [Pessada Holdings] or NCP. *See, e.g.*, 17 U.S.C. § 204. Nonetheless, [Pessada Holdings] and NCP are seemingly claiming they may properly use or own the [w]ebsite [c]odes." Doc. 22-1 at ¶ 23. Defendants' sole reference to the Copyright Act makes it arguable that Defendants believe that they have a copyright for the website codes. But even assuming that's true, Defendants premised their counterclaim on a contract theory and nothing within Defendants' counterclaim suggests that it raises an issue arising under the Copyright Act.

Plaintiffs' removal of this case under section 1454 is questionable at best. The Court cannot conclude Defendants' counterclaim raises an issue regarding the Copyright Act that is actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Thus, Plaintiffs improperly removed this case to federal court under section 1454.

### IV.   Conclusion

For the reasons explained above, the Court remands this case to the St. Louis County Circuit Court, 21st Judicial Circuit of Missouri. The Court denies Pessada Holding's [3] Motion for Judgment on the Pleadings as moot. Finally, pursuant to 28 U.S.C. § 1447(c), the Court directs the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court. A separate Order of Remand accompanies this Memorandum and Order.

So ordered this 30th day of April 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE